FIRST NATIONAL BANK of Chicago, Respondent, *v.* ROBERT J. DEAN et al., Appellants.

Defendants, who were warehousemen, delivered to the owners negotiable warehouse receipts for certain imported goods stored in their warehouses, deliverable on payment of charges. The warehouses were designated in the receipt as "free warehouses;" meaning that the internal revenue tax on the goods stored therein had been paid. The receipts were transferred to plaintiff as security for loans, it believing that the goods were free. In an action to recover the value of the goods it appeared that the warehouses named were bonded warehouses, and defendants refused to deliver the goods without payment of the internal revenue tax; all other charges were tendered by plaintiff. *Held*, that defendants were responsible to plaintiff for the goods as free goods and were properly held liable.

Plaintiff upon faith of the security afforded by the receipts, and without knowledge of any equities existing between antecedent parties thereto, made new loans to the indorsees thereof from whom it received them, to more than the value of the goods, and also surrendered past due notes, taking new notes, thus extending the time of payment. *Held*, that plaintiff was a *bona fide* holder for value, and so was not affected by knowledge on the part of the owners of the goods who received the receipts, that the goods were still bound for the internal revenue tax, or by the fact that the parties to whom they transferred them transferred to plaintiff, in fraud of the rights of the first holders.

(Argued January 17, 1893; decided January 31, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the City of New York, entered upon an order made January 13, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover the value of twenty barrels of brandy.

The facts, so far as material, are stated in the opinion.

*L. E. Warren* for appellants. The plaintiff should have been required to elect at the commencement of the trial upon which ground it would proceed. (*Rodermund* v. *Clark,* 46 N. Y. 356; *Fowler* v. *Bank,* 113 id. 450; *Roberts* v. *Leslie,* 14 J. & S. 76.) The relations of the parties are to be determined by the laws of the state of New York and not by the laws of Illinois, and the court erred in permitting plaintiff to prove the laws of Illinois. (*Martin* v. *Hill,* 12 Barb. 633; *Guillander* v. *Howell,* 35 N. Y. 657; *Edgerly* v. *Bush,* 81 id. 199; *Keller* v. *Payne,* 107 id. 83.) The plaintiff does not show any right of action against the defendants by reason of alleged misrepresentations as to the character of the warehouses. (*L. S., etc., Co.* v. *Drexel,* 90 N. Y. 87.) The plaintiff was not estopped from alleging and proving that the brandy was in bond and subject to the government tax. (Bigelow on Est. [5th ed.] 557, 558; *H. M. Co.* v. *Farrington,* 82 N. Y. 121; *Jones* v. *Bank,* 55 Hun, 290; *Miller* v. *Pondir,* 55 N. Y. 325; *W. G. Co.* v. *Jennings,* 58 Conn. 74.) Plaintiff cannot recover upon the theory that there is a conversion of the brandy. (U. S. R. S. § 2960; *Mitchell* v. *Williams,* 4 Hill, 13; *Griswell* v. *Plumb,* 13 Mass. 298.) Plaintiff is not a *bona fide* holder of the warehouse receipts under the law of New York. (*Tillie* v. *Cook,* 103 U. S. 163; *Bank* v. *Chalmens,* 31 N. Y. S. R. ——; *Coddington* v. *Bay,* 20 Johns. 637; *Lawrence* v. *Clark,* 36 N. Y. 128; *Moore* v. *Ryder,* 65 id. 438; *McBride* v. *Bank,* 26 id. 554; *C. E. Bank* v. *Bank,* 118 id. 443–453; *C. N. Bank* v. *Bell,* 125 id. 38; *Stalker* v. *McDonald,* 6 Hill, 93; *Pratt* v. *Foote,* 9 N. Y. 463; *Stone* v. *Seymour,* 15 Wend. 19; *Allen* v. *Culver,* 3 Den. 284; *Sheppard* v. *Steele,* 43 N. Y. 52.) The special findings of the jury should be set aside upon the ground that the evidence submitted to them was improper and incompetent. (*C. Bank* v. *Varnum,* 3 Lans. 86; *Groat* v. *Gile,* 51 N. Y. 431; *Bonynge* v. *Field,* 87 id. 159; *Moore* v. *Ryder,* 65 id. 438.) The evidence establishing a defense to the receipts in the hands of Meade, Van Bokkelin Company was improperly excluded. (*Sheldon* v.

*Parker*, 3 Hun, 498 ; 1 Daniels on Neg. Inst. § 832 ; *Way* v. *Richardson*, 3 Gray, 414.)

*Charles A. B. Pratt, Jr.*, for respondent. No error was committed in the method of trial. (*Develin* v. *Cooper*, 84 N. Y. 410, 419 ; *Carr* v. *Carr*, 52 id. 251, 261 ; *Wright* v. *Douglas*, 3 Seld. 564 ; *Grant* v. *Morse*, 22 N. Y. 323 ; *Shellington* v. *Howland*, 53 id. 371, 373.) There being evidence to sustain the findings of the jury, the only question before the court on this appeal is whether the trial court properly applied the law to the facts as found. (Code Civ. Pro. §§ 999, 1003 ; *Jackson* v. *Andrews*, 59 N. Y. 244 ; *Chapin* v. *Thompson*, 23 Hun, 12 ; *Bowen* v. *Becht*, 35 id. 434 ; *Birdsall* v. *Patterson*, 51 N. Y. 43 ; *McKinley* v. *Lamb*, 64 Barb. 201.) No error was committed by the learned trial judge in the rulings upon the admission or rejection of evidence. (Code Civ. Pro. §§ 881, 1003 ; *McGean* v. *M. R. Co.*, 117 N. Y. 219.) The plaintiff is a *bona fide* purchaser for value of the two warehouse receipts in question, without notice, and took them free from all equities under the New York rule. (*Coddington* v. *Bay*, 20 Johns. 637 ; *P. Ins. Co.* v. *Church*, 81 N. Y. 218 ; *Paddox* v. *Taylor*, 44 id. 371 ; *Brown* v. *Leavitt*, 31 id. 113 ; *Clothier* v. *Adriance*, 51 id. 322; *M. & F. Bank* v. *Crow*, 5 Daly, 91 ; *Brookman* v. *Metcalf*, 32 N. Y. 591.) One holding a negotiable instrument indorsed in blank is *prima facie* owner and proprietor of the instrument. (1 Dan. on Neg. Inst. 769 ; *M. & T. N. Bank* v. *Crown*, 60 N. Y. 85.) A *bona fide* purchaser for value takes the negotiable warehouse receipts free from all equities. (*McGee* v. *Badger*, 34 N. Y. 247 ; *Belmont* v. *Hodge*, 35 id. 68 ; *Crocker* v. *Crocker*, 31 id. 507 ; *Weaver* v. *Bardon*, 48 id. 286 ; *P. Bank* v. *Watson*, 42 id. 490.) The defendants are estopped from disputing the plaintiff's title, and estopped from setting up any alleged equities. The transfer by indorsement of negotiable warehouse receipts is a transfer of the goods called for by the negotiable warehouse receipts, and the warehouseman becomes the bailee of

the indorsee. (*Whitlock* v. *Hay*, 58 N. Y. 484; *Yenni* v. *McNamee*, 45 id. 614; *Gibson* v. *Stevens*, 3 How. [U. S.] 384; *F. & M. N. Bank* v. *Hazeltine*, 78 N. Y. 104.)

O'BRIEN, J.  The plaintiff recovered a judgment against the defendants for the value of twenty barrels of brandy which the plaintiff claimed to own, and the defendants refused to deliver, except upon payment of the United States internal revenue tax.  The brandy had been purchased in California and consigned to Marschall, Spellman & Co., of New York, where it arrived and was stored by the owners in defendants' warehouse about July 9, 1889.  The defendants delivered to the owners two negotiable warehouse receipts for the same, one for eleven barrels and the other for nine barrels.  Both were in precisely the same form, differing only in the quantity of brandy represented thereby.  The following is the material part of the instrument omitting parts of defendants' business advertisement which has no relation to the questions in the case, except as hereafter mentioned :

"No. 6955.                    NEW YORK, *July* 9, 1889.

"Received on storage 492–4 Greenwich street stores for account and risk of Messrs. Marschall, Spellman & Co., and deliverable only upon the indorsement and return of this receipt, and the payment of all charges, eleven (11) bbls. said to contain brandy.

"R. J. DEAN & CO."

Across the face of the receipt was printed in large type and with red ink the word "negotiable," and on the margin was printed the following : "This receipt is negotiable and may be transferred by indorsement thereof; and any person to whom the same may be so transferred shall be deemed and taken to be the owner of the property therein specified so far as to give validity to any pledge, lien or transfer made or created by such person or persons; but no property shall be delivered except on surrender and cancellation of such original receipt, or the indorsement of such delivery thereon in case of partial delivery."  Above this receipt, on the same paper, was printed

the location of the defendants' several warehouses, in the city of New York, classified as bonded and free warehouses, and those specified in the receipt at 492 and 494 Greenwich street, were there designated as " free warehouses," which it appears means, in commercial parlance, that the revenue tax or the import duties on goods stored in such warehouses have been paid. When the plaintiff sought to obtain the goods described in the receipt it was ascertained that the Greenwich street stores, described in the receipt as free, were, in fact, bonded warehouses, and that the property was subject to the internal revenue tax, and the question is whether the defendants, under the circumstances, are responsible to the plaintiff for the goods as free brandy. Soon after the delivery of these receipts the owners of the goods mentioned therein indorsed and transferred them to certain commission merchants in Chicago, doing business under a corporate name, and in the indorsement the goods were directed to be delivered to their order. The latter were customers of the plaintiff, a national bank, engaged in business at Chicago, and they indorsed and delivered the receipts to it as collateral security for indebtedness and loans. They subsequently failed owing the plaintiff a very large sum of money, and after exhausting all other security and applying it upon the debt there still remained due to the plaintiff about $30,000. The plaintiff made a demand upon the defendants of the brandy described in the receipts tendering all the charges of a free warehouse, and there was a refusal by defendants to deliver. At the close of the evidence the learned trial judge, without objection from either side, submitted four specific issues or questions of fact to the jury, and upon which the jury found as follows :

1. That the plaintiff did, on the faith of the warehouse receipts issued by the defendants, make additional advances to Meade, Van Bokkelen Co., so that its position would be changed for the worse if not allowed to enforce the receipts according to their legal effect.

2. That the injury aforesaid would amount to as much as the value of the goods.

3. That the plaintiff did believe that the goods were free goods, that is, goods on which the government tax had been paid, and did act upon that belief in its dealings with Meade Van Bokkelen Co.

4. That the value of the goods at the time of the demand was $1,342.50.

Both sides, as appears from the record, moved for judgment on the special findings of the jury, and neither party attempted to review the action of the jury by a motion for a new trial, and subsequently the trial was completed before the court alone, who adopted the findings of the jury as its own, and made additional findings of fact and conclusions of law, in which judgment was directed for the plaintiff, and the defendant filed exceptions to the findings and conclusions. The court found, among other facts, that upon, and after receiving the two negotiable warehouse receipts, and upon the faith of the security afforded thereby, the plaintiff made new loans, and advanced new money to Meade, Van Bokkelen Co., amounting in the aggregate to more than the value of the goods represented by the receipts, and that upon the faith of the security, the plaintiff surrendered the past due notes of said company, and extended the time of payment of the indebtedness represented thereby, by substituting the new notes of the company payable on time, in place of the notes so due and surrendered. That the plaintiff took the receipts and made the advances, and extended the time of payment on the notes past due, believing that the goods described in the receipt were not subject to the internal revenue tax, and that the company in whose possession they were, and who procured the loans and extensions from the plaintiff, were the legal holders and owners of the receipts; and entitled to the possession of the property described therein. It is not clear that the defendants are in a position to review the findings of the jury. The action was one at law, in which either party could demand a jury trial as matter of right, and the evidence was all taken and the rulings made while the trial was proceeding before a jury.

Then, by consent, a special verdict was taken upon certain questions of fact, with an understanding that the court alone should dispose of the remaining issues and render final judgment in the case. On the rendition of the verdict both parties moved for judgment, whereupon, by consent, the court took the case and heard argument thereon, adopted the findings of the jury and made other findings. Requests to find were presented and exceptions filed in the same manner as if the trial was by the court. The motion of the defendants' counsel for judgment in their favor on the verdict, indicates that they were satisfied with the findings of fact. If he was not, he should have moved for a new trial and proceeded to review the action of the jury under section 1003 of the Code, which he failed to do. (*Jackson* v. *Andrews*, 59 N. Y. 244; *Chapin* v. *Thompson*, 80 id. 275; *S. C.*, 23 Hun, 12; *Bowen* v. *Becht*, 35 id. 434.)

The argument for defendants does not make it clear whether it is sought to review a judgment upon a verdict or upon a decision of the court. It is certain that after the verdict was rendered the court, by consent, took possession of the whole case, and all the subsequent proceedings were precisely the same as upon a trial of the whole issue by the court. The findings of fact in the case are now those of the court and not of the jury, and the verdict has disappeared, except, perhaps, as an aid to the court in determining the facts. In this condition of the record it will be favorable enough to the defendants to treat the trial as one by the court, and that, we think, is the view in which their counsel has presented it here.

In this aspect of the case the rulings made upon that part of the trial had before the jury become of little consequence and if the facts found support the legal conclusion the judgment must stand unless some of them, that are material, are without evidence to support them or the exceptions to the decision and findings of the court present some question of law.

The facts found are sufficient to uphold the judgment. There can be no doubt that the receipts are to be treated as

negotiable instruments.    All the parties intended that they
should be and made them so.    Both parties requested the court
to so hold and after the decision neither should be allowed to
change positions.    Moreover no other legal result could have
been sustained as the defendants by the very terms of the con-
tract made the instruments negotiable by stamping the word
across the face of the paper and inserting in the margin an
explicit statement to that effect.    The quality of negotiability
inheres in the obligation by the acts of the parties and imparts
to it all the attributes common to such instruments by law or
commercial usage.    It is not denied by the defendants that the
lawful holder of such receipts becomes vested with the title to
the property represented thereby, nor that an innocent pur-
chaser may obtain even a better title to such property than the
original owner.    The real contention of the defendants is that
the plaintiff is not in a position to ignore the equities that
existed between the original parties.    So far as these equities
are disclosed by the record they consist of knowledge on the part
of the original owners, who took the receipts from the defend-
ants, that the goods were still bound for the internal revenue tax
and also in the claim that the commission merchants in Chicago
negotiated the paper to the plaintiff in fraud of the rights of
the first holders.    But this defense is not available to the
defendants providing the plaintiff had no knowledge of the
facts and parted with value upon the faith of the paper and
the goods represented thereby.    That the plaintiff had any
actual knowledge of any equities existing between antecedent
parties is not claimed and certainly there was nothing upon
the face of the paper to charge it with such notice.    There
was upon the face of each instrument what was equivalent to
a statement that the goods were in a free warehouse and, there-
fore, according to the meaning of that term in commercial trans-
actions, free from the tax.    These facts are all found and there
is no conflict in the testimony in that regard.    The controversy
is thus reduced to the single inquiry whether the plaintiff is a
*bona fide* holder.    Upon the facts found by the trial court
there can be no doubt that it is, as they show that the plain-

tiff took the receipts for value and without knowledge of any equity existing between the original or any parties from whom the title came. The learned counsel for the defendants contends that these findings are not sustained by any evidence. No evidence was given at the trial on behalf of the defendants, and the case rests entirely upon the testimony offered by the plaintiff. We have carefully examined the testimony with reference to the findings which are attacked. It is clear that the plaintiff took the receipts as collateral security for a large debt which Meade, Van Bokkelen Co. owed it at the time, and for which it held other collateral, and for any debt which they should thereafter contract. The trial court has found that upon the faith of these receipts the plaintiff subsequently made new advances of money, a portion of which is still due, amounting to more than the value of the goods in question, as found by the jury. It is also found that the plaintiff, after the receipts were pledged to it and upon the faith of the security, extended the time of payment of some of the notes of the company then due, by taking new notes and surrendering the old ones, which latter were never paid, as a very large sum is still due the plaintiff upon the account. There is some testimony in the record to support these findings, and, being sustained, they give to the plaintiff the character and all the rights of a *bona fide* holder. (*Coddington* v. *Bay*, 20 Johns. 637; *Phœnix Ins. Co.* v. *Church*, 81 N. Y. 218; *Paddon* v. *Taylor*, 44 id. 371; *Brown* v. *Leavitt*, 31 id. 113; *Day* v. *Saunders*, 1 Abb. Ct. App. Dec. 495; *Pratt* v. *Coman*, 37 N. Y. 440; *Clothier* v. *Adriance*, 51 id. 322; *Youngs* v. *Lee*, 12 id. 551; *Mech. & Traders' Bank* v. *Crow*, 5 Daly, 191, affd. 60 N. Y. 85; *Mayer* v. *Heidelbach*, 123 N. Y. 332.)

The plaintiff's title was, therefore, unaffected by any equities that may have existed between prior parties. (Daniel on Neg. Inst. § 769 a.)

There are no other questions in the case, and none of the rulings to which exceptions were taken were prejudicial to the defendants.

A suggestion is made that the damages recovered were excessive, inasmuch as the regular warehouse charges were not deducted from the value found. It is sufficient to say in answer to this point that, even if it could be inferred from the testimony, no such question was raised at the trial, or appears to have been urged at the General Term, nor is there any finding or request to find on the subject.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.