GEORGE H. HUMPHREY, as Executor, etc., of MARTHA R. COWLEY, Deceased, Appellant, *v.* M. LEONORA SWEETING and JOHN B. SWEETING, Respondents.

92h   447
75 AD¹446

*Foreclosure — evidence — husband of mortgagor not incompetent within Code of Civil Procedure, § 829 — payment.*

Where the husband of a mortgagor is made a party defendant to an action of foreclosure, his interest in the result of the action is not such as to preclude him from testifying to conversations and transactions had by him with the deceased assignee of the mortgage.

Evidence deemed sufficient to prove that a bond and mortgage have been paid and satisfied.

APPEAL by the plaintiff, George H. Humphrey, as executor, etc., of Martha R. Cowley, deceased, from a judgment of the County Court of Monroe county, entered in the office of the clerk of the county of Monroe on the 24th day of December, 1895, upon the

FIFTH DEPARTMENT, DECEMBER TERM, 1895.        [Vol. 92.

decision of the court rendered after a trial of specific questions of fact before the court and a jury.

*F. E. Drake,* for the appellant.

*W. W. Armstrong,* for the respondents.

ADAMS, J. :

This action was brought to foreclose a mortgage executed by the defendant M. Leonora Sweeting, who was then unmarried, to one Holmes, and subsequently assigned to the testatrix. The defense was payment, to sustain which the defendants introduced in evidence the written assignment of the mortgage in suit and the bond accompanying the same, to the testatrix, who was the mother of the defendant M. Leonora Sweeting, upon which assignment appear five indorsements, viz. :

"*May* 31, 1886.

"Rec'd $300.00 on this Bond

"Rec'd $220.00 for building Barn on this Bond

"Credit $260.00 on this Bond Leonora lent Father

"Rec'd $100.00 in Bank

"Paid in full

"MARTHA R. COWLEY."

Upon the trial it would seem from the record that an issue was raised as to the genuineness of the testatrix's signature, and also of the handwriting of the several indorsements, but the case has been settled in such a manner as to indicate that, for the purpose of this appeal, that issue has been abandoned, and the only evidence retained, which bears upon this question, sufficiently establishes the fact that all the indorsements mentioned are in the handwriting of Mrs. Cowley. This being the situation, the principal question presented for our consideration is whether or not the evidence in the case will sustain the verdict of the jury and the finding of the court that the bond and mortgage in suit have been paid. It is to be noted in this connection that, after the verdict of the jury had been rendered, by which they find that the bond and mortgage have been paid in full, no motion for a new trial was made by the plaintiff. This omission indicates that counsel was not only content with the conclusion reached by the jury, but that he placed no reliance upon any exceptions taken during that stage of the trial.

At all events, the verdict of the jury and the charge which preceded it are of little importance, provided the fact subsequently found by the court is sustained by the evidence. (*F. N. Bank* v. *Dean*, 137 N. Y. 110–116.)

Right here it becomes important to bear in mind that this fact is not necessarily that the debt or any part of it has been released, but that it has been in some manner liquidated or extinguished, and in this aspect of the case it is a matter of minor consideration whether or not the learned trial judge was correct in his instructions to the jury upon the law of the case, so far as the question of an executed or completed gift is concerned.

Upon a careful reading of the evidence, which appears to be practically *ex parte*, we are of the opinion that it is sufficient to raise the presumption of payment, which, in the absence of any evidence to repel such presumption, is in turn sufficient to uphold the judgment. It appears by the record that the first payment of $300 and the last one of $100 stand unchallenged, and they must be regarded as conceded facts. The indorsement of $260 represents the amount of a note made by the testatrix's husband, which was held by Leonora, and which she destroyed at about the time the indorsement was made. Surely there is nothing extreme in the presumption that some consideration passed to the mortgagee from her husband which induced her to apply the amount of this note in part payment of her mortgage, and that it was the knowledge of the existence of some such arrangement between her father and mother which induced the defendant to destroy the only evidence she possessed of the former's indebtedness to her. As to the remaining indorsements, the evidence is even more satisfactory. It appears that Leonora had built a barn upon her mother's premises at a cost of $220, and had made some repairs to the "brick house" belonging to her at an expenditure of $123, and this last-named sum was a few dollars more than sufficient to pay what remained of the principal sum secured by the mortgage after applying the payments represented by the preceding indorsements. Thus is established direct proof of actual and adequate consideration for these two indorsements, and this evidence is materially strengthened by other facts in the case, namely, the statement made by Mrs. Cowley to the defendant's husband that

the mortgage was paid and discharged, and a like statement to the town assessors, in consequence of which the assessment therefor was stricken from the roll. To these must be added,.and considered in ·connection therewith, the indorsements themselves, to ̓which, inas-'much as they are in the mortgagee's own hand, some weight ought ·certainly to attach.

The only other point discussed upon the argument arises upon the admission of the evidence of the defendant's husband, the contention being that it was incompetent under section 829 of the Code of Civil Procedure. Of this it is sufficient to say that John B. Sweeting, although a party defendant, was not necessarily so, and his interest in the event of the action was not such as to preclude his giving testimony in the defendant's behalf. (*Fogal* v. *Page*, 13 N. Y. Supp. 656; *Matter. of Clark*, 40 Hun, 233; *Whitman* v. *Foley*, 125 N. Y. 651.)

The result of the views here expressed is that the judgment appealed from should be affirmed.

LEWIS, BRADLEY and WARD, JJ., concurred.

Judgment affirmed, with costs.