(75 App. Div. 444.)

### SPINDLER v. GIBSON et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. WITNESSES—COMMUNICATION WITH DECEASED PERSON—INTEREST—HUSBAND OF HEIR—RIGHT TO CURTESY—EFFECT.

Code Civ. Proc. § 829, prohibiting a person interested in the event from testifying as to any personal transaction or communication between the witness and a deceased person, applies only to persons presently affected by the judgment; and the fact that the husband of the plaintiff in a will contest, in the event of plaintiff's success, will acquire a contingent estate as tenant by curtesy, will not preclude him from testifying.

Appeal from special term, New York county.

Action by Annie Spindler against Mary E. Gibson and others. From a judgment in favor of defendants, dismissing the complaint, plaintiff appeals. Reversed.

See 76 N. Y. Supp. 410.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Thomas J. O'Neill, for appellant.
Wm. Arrowsmith, for respondent Jerolomon.
Wm. O. Campbell, for respondent Gibson.

O'BRIEN, J. This action is brought by a sister of John Hamilton, deceased, to set aside the probate of his will on the ground that it was obtained by undue influence exercised by the beneficiary thereunder, the defendant Mary E. Gibson. The testator at his death was 60 years of age, and left, him surviving, besides his sister, the plaintiff, who is his only blood relation, his wife, with whom, it appears, he had lived happily until 1898, when he began to quarrel with her, and finally left her on account of his infatuation with the

defendant. The evidence would justify the inference that the relations between the deceased and Mary E. Gibson were not only very intimate, but were of a meretricious nature. The theory of the plaintiff was that the deceased was of weak mind, and was influenced in the disposition made of his property by the defendant Gibson, who had obtained such mastery over him that he abandoned his wife and only relative and gave his property to a stranger. The record, as presented, is barren of any evidence which would justify the inference that the deceased was of weak mind, but, on the contrary, it appears from the plaintiff's own evidence that he was strong-minded, and able to understand and attend to his own affairs, and that this ability continued even after he was taken sick with the disease of consumption, which preceded his death. The plaintiff had, therefore, upon the evidence admitted, failed to make out a case entitling her to go to the jury upon the question of undue influence; and, were it not for rulings made in excluding evidence, it would be our duty to affirm the judgment.

The plaintiff called as a witness her husband, and attempted to show by him what occurred and what was said on an occasion when the deceased was sick, just prior to his death; but all this line of evidence as to what this witness saw and heard at that or other times was excluded upon the ground that it was in contravention of section 829 of the Code of Civil Procedure, which prohibits a person interested in the event, or a person from, through, or under whom such interested person derives his interest, from testifying as to any personal transaction or communication between the witness and the deceased. The reason stated by the learned trial judge for the ruling was that Mr. Spindler's testimony was incompetent because, if the will were set aside, he would be a tenant by the curtesy in the property to which his wife, the plaintiff, might succeed. That this is not a sufficient reason has been expressly held in Re Clarke, 40 Hun, 237, wherein it was said:

"Tenancy by curtesy initiate ceased to be a certain interest in lands thereafter acquired when the statutes permitted the wife to dispose of her estate in them." And again: "The test of interest of a witness is that he will either gain or lose by the operation of the judgment, and it must be present, and certain, not uncertain, remote, or contingent. * * * They [the husbands] had no interest in a legal sense."

See, also, Humphrey v. Sweeting, 92 Hun, 450, 36 N. Y. Supp. 967; O'Brien v. Weiler, 140 N. Y. 234, 35 N. E. 587.

The latter case, although not affecting the question of the extent of the interest of a husband in his wife's estate, is authority for the proposition that a witness whose interest is sufficient to disqualify him from testifying to any personal transaction or communication with the deceased is not, however, to be excluded from testifying to a conversation between the deceased and another in his presence, but in which he took no part. For the other reason, however, that the husband has no such direct or certain interest, in a legal sense, by curtesy initiate in his wife's property, as to have the prohibition of the statute apply to him, he was a competent witness as to what was said and done in his presence.

78 N.Y.S.—21

What evidence would have been elicited had the questions been answered, and how far it might have gone to sustain the plaintiff's cause of action, it is, of course, impossible for us to determine, for it would be, at best, but speculation. But having reached the conclusion that such evidence was competent, and that the plaintiff was entitled to have it, the ruling excluding it was such error that, notwithstanding the slight evidence otherwise adduced upon the question of undue influence, the plaintiff is entitled to a new trial. Accordingly, we think this judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur; VAN BRUNT, P. J., in result.

---

(75 App. Div. 507.)

### SORRENTINO et al. v. GILETTI et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. CORPORATIONS—OFFICERS—ELECTION.

   Where, on application by petitioners to have themselves declared the lawfully elected trustees of an incorporated society, it appeared on undisputed testimony, as to one, that he had resigned, and that the society had accepted his resignation, it was error to declare him a trustee.

2. SAME—ELIGIBILITY—RESOLUTIONS.

   A resolution, adopted by a corporation, that only citizens should be eligible to the position of trustee, not incorporated in the by-laws, was revocable at any time, and others than citizens might be elected notwithstanding the resolution.

Appeal from special term, New York county.

Application by Rocco Sorrentino and others to have themselves declared the lawfully elected trustees of a corporation, and the election of Stanislao Giletti and others declared null and void. From an order granting the application, and an order refusing a reargument, said Giletti and others appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John Palmieri, for appellants.
Antonio C. Astarita, for respondents.