ABRAHAM GUTMAN, an Infant over the Age of Fourteen Years, by ISIDOR GUTMAN, His Guardian ad Litem, and ISIDOR GUTMAN, Individually, Appellants,

v. UNITED STATES CASUALTY COMPANY, Respondent.— Judgment unanimously affirmed, with costs. The individual whose acts are claimed to constitute a waiver by the defendant of its right to insist that the policy of insurance had been breached did not indulge in them "with full knowledge of all the facts." (*Draper* v. *Oswego Co. Fire Relief Assn.*, 190 N. Y. 12, 16.) This lack of full knowledge precluded his acts from constituting an "intentional abandonment or relinquishment of a known right," that is, a waiver. Whether a waiver has occurred is a matter of intention, and intention may not be founded on anything other than full knowledge. "Negligence, oversight or thoughtlessness does not create it." (*Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34, 37.) In so far as the acts of those representing the defendant are susceptible of conflicting inferences, those inferences have been resolved on the directed verdict in favor of the defendant. The defendant's conduct did not in any way prejudice the plaintiffs (*Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281), although that element would be immaterial if there were in fact a waiver properly chargeable to the defendant so as to make applicable the doctrine of *269 Canal St. Corp.* v. *Zurich G. A. & L. Ins. Co., Ltd.* (226 App. Div. 516, 518; affd., 252 N. Y. 603). Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.