Benjamin Brenner, J.
In an action to recover for personal injuries, a preliminary trial was had, without a jury, to determine the merits of an affirmative defense that the plaintiff is not the real party in interest. The defendants claim that there *858 was an effectual assignment of plaintiff’s cause of action to the compensation carrier of his employer by legal operation of section 29 of the Workmen’s Compensation Law, and, according to them, such assignment was automatic and irrevocable.
Plaintiff, resisting the defense, contends (1) that he did not receive the statutory notice which defendants claim to have sent under date of September 17, 1954; (2) that the notice is insufficient as a matter of law because it erroneously recites his employment by a firm which was not his employer; (3) that even if such notice were legally sufficient and resulted in an automatic assignment of his personal injury suit to the compensation carrier, following his failure to commence the suit within the statutory period, such assignment was thereafter factually waived; and (4) that unless the court finds such waiver, the defendants, as tort-feasors, will have gained a benefit not intended by the statute.
The defendants’ burden to establish their affirmative defense that plaintiff is not the real party in interest is not met if there be any doubt about the sufficiency of the notice dated September 17, 1954. I find on the evidence presented that such notice was sent by the compensation carrier to the plaintiff and received by him some 20 months before his commencement of this suit. It contained all pertinent data relative to plaintiff’s accident, except that the name of the employer was not correctly stated, an error which did not invalidate it. For plaintiff was thereby amply apprised of the date of his injury, the facts of the accident and the provisions of the statute setting out the need for timely suit, which, if not commenced within the statutory period, would bar him therefrom. He was thus alerted and could not, as he says, have been misled. Nor is there any substance to the suggestion that his illiteracy affected the sufficiency of the notice for if he could not read or understand it, the single error therein could not alter or deepen his ignorance of its contents. Moreover, I know of no authority which makes literacy or a claimant’s knowledge of the contents of the statutory notice a prerequisite to its validity.
Significantly, the Appellate Division of this department, on motions for summary judgment in this very action, expressed the need for a trial of the issue of waiver here raised (3 A D 2d 757, 839) and implicit in such disposition is the inference that the notice was sufficient and that an assignment arose by operation of law. To view the matter otherwise would require that I construe the trial as necessary to determine if a nonexistent assignment had been waived. I cannot believe that so purpose *859 less a trial would be directed. In any case, I find the notice in question to be sufficient and the assignment legally operative.
It should be noted that the case of Juba v. General Builders Supply Corp. (7 N Y 2d 48) was decided after the appellate court had here acted. It holds a reassignment by a compensation carrier to be untenable. This, it seems to me, is sound law in the light of section 41 of the Personal Property Law which prohibits assignments of personal injury actions as a matter of public policy except as permitted by statute. Such exception is to be found in section 29 of the Workmen’s Compensation Law, which gives rise to an original assignment, but not to a reassignment. Obviously, a waiver has the same effect and, to be legal, it should also be sanctioned by statute. In any event, Juba (supra) holds that there may not be a reassignment of the assignment.
But regardless of my own concept of the matter, I am constrained by the law of the case to resolve the fact of waiver by the action of the Appellate Division, which, as indicated, might not have occurred had Juba been already decided. I confine myself then to the issue at hand, namely, whether there was a waiver in fact, which, it is claimed, effectively reinstates the plaintiff as the owner of the personal injury claim. Waiver is a matter of intention founded on full knowledge of the facts and not on error or oversight. (Gutman v. United States Cas. Co., 241 App. Div. 752.) To establish such clear intention on the part of the compensation carrier to waive a known and validly subsisting assignment, the plaintiff relies on the following course of conduct: (1) that the carrier informed plaintiff and his lawyers, orally and through correspondence, not only as to the compensation payments, but the names of these defendants as the tort-feasors and the names of witnesses; (2) that the carrier mailed to him a second statutory notice dated May 25, 1956, this time correctly naming the employer.
It is difficult to follow the logic of a waiver based on the second statutory notice, for the testimony of the supervising-adjuster of the compensation carrier is that it was mailed in error and not with full knowledge of known facts. Whether this latter notice was sent in error or knowingly and deliberately mailed because it had been prompted by the earlier correspondence, certain it is that plaintiff was the instigator of the carrier’s conduct who thereby sought to recoup his personal injury claim, for he could not compel suit by the compensation carrier or lay claim against it for inaction. (Juba v. General Builders Supply Corp., supra.) If sent in error, no intent to *860 reassign or to waive a valid and subsisting assignment is shown. If knowingly sent, the intent was to correct what was mistakenly believed to be an insufficient statutory notice and what the parties erroneously believed to be an inoperative assignment based thereon. Moreover, letters by the carrier to the plaintiff’s attorneys, dated prior to the date of the second notice and relied upon as part of such course of conduct, show an intent not to surrender a known property right in the assignment but to safeguard its lien which it thought to have been lost through the error mentioned in the statutory notice mailed 20 months earlier. Clearly, the carrier entertained doubt concerning the sufficiency of that notice. There was, then, a lack of full or accurate knowledge of the legal sufficiency of the statutory assignment, and that absence of full knowledge of the facts is fatal to the claim of waiver. (Gutman v. United States Cas. Co., supra.)
We come now to plaintiff’s last contention, viz., that since the three-year Statute of Limitations had run its course after the appellate court had acted, a rejection of the waiver here urged will prevent both plaintiff and the compensation carrier from proceeding against these defendants and result in a benefit to them, as the tort-feasors, which was never intended by the statute in question. This is an apparent appeal to the sympathy of the court for it is self-evident that the expiration of any limitation statute always inures to the benefit of the prospective defendant. It is even questionable that the defendants gained or lost anything by the conduct of the compensation carrier for it is possible that the latter may be substituted in the place of the plaintiff even at this late date, and even after the three-year statutory limitation expired. (Farrell v. American Beverage Corp., 203 Misc. 330.)
One final observation: It is brought to the court’s attention that the compensation carrier also insures the employer against third-party liability and that the employer only lately was made a third-party defendant, thus suggesting that the carrier is presently opposed to plaintiff’s claim of waiver. Even if this be so, it cannot affect the resolution of the prime issue, for I find that no waiver of an assignment, with knowledge of its validity, was intended prior to commencement of this suit.
The defendants have established their defense that plaintiff is not a real party in interest by a fair preponderance of the credible evidence. The affirmative defense is sustained and the action dismissed. Judgment accordingly.