Murray H. Pearlman, J.
This is an action commenced by the plaintiff Mattie L. Smith to recover the proceeds of two policies of life insurance issued by the defendant Golden Eagle Life Insurance Corporation on the life of its assured, the deceased husband of Mattie L. Smith, one Robert L. Smith.
*774 The defendant has interposed an answer setting forth that it admitted issuance of the policies but denied liability thereon by reason of the fact that the same had lapsed because of nonpayment of premiums within the time prescribed in the policy contract. As a further defense the defendant claimed that the insured in his lifetime had failed to comply with the terms of the policy contract relative to reinstatement. As a third defense defendant claimed that the insured’s application for reinstatement contained false and fraudulent statements as to his health.
The plaintiff in her testimony admitted that the insured, who was admitted to Kings County Hospital on April 10, 19G0, died on April 16,1960 and she further testified that on April 11, 1960 she forwarded a premium payment to the defendant’s agent, Mr. Colchamiro, to cover her own policy of life insurance and in addition thereto two policies issued by the defendant on the life of her deceased husband Robert L. Smith for a premium total of $15. This was offered in evidence by plaintiff’s counsel without objection in the form of two receipts. These two exhibits acknowledged payment of premiums covering the Robert L. Smith policies and indicated that the next premiums would be due on May 1, 1960. The defendant admits that the receipts were forwarded to the plaintiff by -its agent, Mr. Colchamiro.
On the one hand the plaintiff contends that her payment of April 11,1960 covered the months of March and April, 1960 and were within the grace period and consequently the policies did not lapse. She further says if there was a lapse, the issuance of the receipts of payment by the defendant’s agent waived the lapse and reinstatement provisions of the policy.
If the first contention is true, then the question of waiver and course of conduct is without meaning, for obviously the policies would be in force. The question of waiver having been raised by the plaintiff, it must be before this court on the theory that a lapse has occurred. Under these circumstances the policies in question can only be revived under the provisions of the reinstatement clause. This clause requires as a part of reinstatement a written application with evidence of insurability and good health of the insured satisfactory to the defendant corporation.
It is the defendant’s contention that the insured on April 11, 1960 was not in good health satisfactory to the defendant corporation when the deceased applied for reinstatement. This was the basic condition of the contract.
Section 4 of the policy refers to reinstatement as follows: ‘ ‘ If this policy shall lapse for nonpayment of any premium *775 when due, it may be reinstated at any time within two years from the due date of the premium in default if the cash surrender value has not been paid, upon written application with evidence of insurability and good health of the insured satisfactory to the corporation and payment of all overdue premiums.”
When the premiums were tendered by the plaintiff on April 11, 1960 the insured was in fact a patient in the Kings County Hospital, having been admitted to the hospital on April 10,1960. This was unknown to the defendant as well as its agent when the latter mailed the receipts to the plaintiff. The proposition is therefore raised whether or not the defendant by its act or acts of its agent waived the provision of the policy contract having reference to conditions of reinstatement, which brings in issue the question of waiver and estoppel.
In the case of First Nat. Bank of Chicago v. Dean (17 N. Y. S. 375, 377, affd. 137 N. Y. 110) the court quoted the following language from Pomeroy’s Equity Jurisprudence: “Equitable estoppel is the effect of the voluntary conduct of a party, whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person who has, in good faith, relied upon such conduct, and has been led thereby to change his position for the worse, and who, on his part, acquires some corresponding right, either of property, of contract, or of remedy. Id. § 804. To constitute such an estoppel, the following elements are essential: ‘ (1) There must be conduct, acts, language or silence amounting to a representation or a concealment of material facts. (2) These facts must be known to the party estopped at the time of his said conduct, or, at least, the circumstances must be such that knowledge of them is necessarily imputed to him. (3) The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel at the time "when such conduct was done, and at the time when it was acted upon by him. (4) The conduct must be done with the intention, or, at least, with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon. (5) The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. (6) He must in fact act upon it in such a manner as to change his position for the worse.” (Emphasis supplied.)
Assuming that the defendant’s agent was acting within the scope of his agency — and that’s merely an assumption — so that his knowledge was the knowledge of the defendant, his mailing *776 of the receipts to the plaintiff in and of itself would not constitute a waiver of the provisions of the policy.
The intention to waive is an indispensable constituent of waiver. (Gutman v. United States Cas. Co., 241 App. Div. 752, 753.)
The temporary retention of premiums does not in and of itself afford a basis for estoppel. (Travelers Ins. Co. v. Pomerantz, 246 N. Y. 63, 71; Metropolitan Life Ins. Co. v. Blum, 7 A D 2d 488.)
At the time the receipts were mailed, neither the defendant nor its agents had knowledge of the hospitalization and physical condition of the insured. The physical condition and health of the insured was an essential fact to be known and considered by the defendant insurance company before it could be said to have waived the conditions of the policy. (Gutman v. United States Cas. Co., supra.)
A waiver is the intentional abandonment of a known right. Negligence, oversight or thoughtlessness does not create it. (Alsens Amer. Portland Cement Works v. Degnon Constr. Co., 222 N. Y. 34, 37; Metropolitan Life Ins. Co. v. Blum, supra.)
A waiver must be a clear intention on the part of the party waiving to abandon his right and made with full knowledge of all the essential facts. This cannot be said to be the case in the matter at issue.
Under provision 1 of the general provisions of the policy contracts entered into between the plaintiff’s insured and the defendant herein it is stated: “1. THE CONTRACT. This policy and any endorsements bearing the signature of the President or the Secretary of the Corporation and endorsed hereon or attached hereto, constitute the entire contract of insurance. None of the terms of this contract can be waived by any agent.” The contracts in question had their inception on February 15, 1957. The insured was chargeable with knowledge of the provisions of the policy and the terms were binding on him and the defendant. The rule that he who signs or accepts a written contract, in the absence of fraud or other wrongful act on the part of another contracting party, is presumed to know its contents and to assent to them, applies to insurance contracts as it does to contracts of any other kind.” (Russell v. Prudential Ins. Co., 176 N. Y. 178, 188; Slater v. Fidelity & Cas. Co., 277 App. Div. 79.)
The plaintiff cannot rely upon the words or acts of defendant’s agent as to the waiver of a provision of the policy when the policy clearly provides that the agent does not have the power to waive. (Metzger v. Ætna Ins. Co., 227 N. Y. 411.)
*777 The jury came in with a verdict in favor of the plaintiff on both policies by a divided vote of five to one. Thereafter defendant moved to set aside the verdict and dismiss the complaint on the merits.
The court finds that the testimony was against the weight of the credible evidence. The court also finds, as a matter of law, that there was no waiver and estoppel and that the insured in his lifetime had failed to comply with the terms of the policy contract regarding reinstatement.
The court further finds that the insured’s application for reinstatement contained false and fraudulent statements as to his health. It therefore follows that the verdict should be set aside and is hereby set aside, and on the merits the complaint is hereby dismissed.
The plaintiff is granted an exception to the findings in favor of the defendant. All motions to dismiss on which decision has been reserved are hereby granted with an exception to the plaintiff.