## CRAWFORD *against* MILLSPAUGH.

THIS was an action of *assumpsit*, brought by the plaintiff, as second endorsee, against the defendant, as second endorser of a promissory note, drawn by *Charles Lindsey*, for 700 dollars, payable to one *Jackson*, or order. The cause was tried at the *Orange* circuit, in *September*, 1815, before his honour the chief justice.

*If the holder of a note after the time of payment, and after a suit has been commenced against the endorser, release the maker by writing, not under seal. and without consideration. such release is void, and is no defence in the action against the endorser.*

The defendant pleaded, *puis darrein continuance*, that the plaintiff released *Lindsey*, the maker of the note, and in support of the plea, produced, on the trial, the following writing : " It being represented to me that *Charles Lindsey* is insolvent, I do hereby release him from a certain note of 700 dollars, drawn by him, and endorsed by *Joseph H. Jackson* and *Peter A. Millspaugh*, of which note I am the holder, not, however, relinquishing my right to recover from any, or all of the endorsers, upon said note. Dated *September* 23d, 1814. *A. Crawford*."

A verdict was taken for the plaintiff, for the amount of the note, with interest, subject to the opinion of the court. The case was submitted without argument.

*Per Curiam.* It is evident, from the facts in this case, that the writing set up by the defendant, was made and executed some time after the note had become due ; indeed, after the commencement of this action, and, consequently, at a period when the defendant was liable for the amount as endorser, so that, if this note, in the hands of the plaintiff, as endorsee, could even be considered, or treated, as a parol agreement, it appears that the promise, on the part of the endorser, was broken, and could not be discharged by a new agreement, without satisfaction, unless it be by deed. The writing upon which this defence is grounded, is not under seal, and is without consideration ; it must be deemed a mere *nudum pactum*. (*Harrison* v. *Close*, 2 *Johns. Rep.* 450.) It is, therefore, unnecessary to advert to the conditions showing the intention of the party, as stated in the writing itself, to decide whether it could be controlled by such condition, admitting it to be sufficient in other respects,

ALBANY,
January. 1816.

because enough appears, from the facts in the case, to show that it cannot affect the right of the plaintiff to recover.

Judgment must be entered for the plaintiff.