In the Matter of the Probate of the Last Will and Testament
of JOHN WILSON, Deceased.

An executor named in a will who presents it for probate is not such a party
to the proceeding, within the spirit and meaning of the Code of Civil Pro-
cedure (§ 829), as to preclude him from testifying to personal transactions
with the deceased testator ; nor does his right to commissions as executor
render him incompetent by reason of interest.

An executor called as a witness as to such transactions was also a legatee
under the will. Upon objection being made to his testifying because of
his interest he put in evidence a release under seal of his interest as
legatee. *Held*, that such interest was thereby discharged and the objec-
tion rendered untenable.

Under said Code (§ 2589) an unsuccessful contestant of the probate of a will
on appeal may not be allowed costs ; costs on appeal may only be awarded
to the successful party.

(Argued October 11, 1886 ; decided October 26, 1886.)

APPEAL from judgment of the General Term of the Supreme
Court, in the second judicial department, entered upon an order
made December 15, 1885, which affirmed a decree of the surro-
gate of the county of Orange, admitting to probate the will of
John Wilson, deceased.

The facts, so far as material to the questions presented, are
stated in the opinion.

*Henry Bacon* for appellants. The admission of Hart's testi-
mony as to personal transactions and communications with
testator was erroneous and the objections and exceptions to it
are well taken. (Code of Civil Pro., § 829; *Lane* v. *Lane*,
95 N. Y. 494 ; *Cadmus* v. *Oakley*, 3 Dem. 324.) His release
of his legacy was ineffectual to make him competent to testify
to personal transactions or communications with deceased
against the heirs and next of kin. (*Genet* v. *Lawyer*, 61
Barb. 211.) Hart was incompetent because he was the pro-
ponent in this proceeding and was testifying in his own behalf.
(Code of Civil Pro., §§ 828, 829 ; *Church* v. *Howard*, 79 N.
Y. 415 ; *Nearpass* v. *Gilman*, 16 Hun, 121 ; *Schoonmaker* v.
*Wolford*, 20 id. 166 ; *Wilkins* v. *Baker*, 24 id. 32 ; *Smith*,

*Adm'r*, v. *Hathorn*, 25 id. 159; *Pine* v. *Pine*, 33 id. 69; *Poucher* v. *Scott*, id. 223; *In re Smith*, 95 N. Y. 516.)

*B. R. Champion* for respondent. ˙Hart, the executor and proponent, was not incompetent as a witness. (*Children's Aid Soc.* v. *Loveridge*, 70 N. Y. 387; *Rugg* v. *Rugg*, 83 id. 592; *In re Will of Heustis*, 23 Week. Dig. 224; Redf. Am. Cas. on Law of Wills, 177; *State* v. *Catskill Bk.*, 18 Wend. 466; *Utica Ins. Co.* v. *Cadwell*, 13 id. 297; *Coffin* v. *Coffin*, 23 N. Y. 9; *Meehan* v. *Roarke*, 2 Bradf. 388; *Reeve* v. *Crosby*, 3 Redf. 74.) The fact that the release was made for the purpose of enabling the releasor to testify did not render him incompetent. (*Vasseur* v. *Livingston*, 4 Duer, 285; *Doyle* v. *Daniels*, 2 Smith, 335–387, 496; *Nelson* v. *Smith*, 3 Abb. Pr. 117.) Nor did the fact that it was not executed until after the beginning of the hearing make any difference. (1 Greenl., § 426; *Tallman* v. *Dutcher*, 7 Wend. 180; *Doty* v. *Wilson*, 14 Johns. 378; *Clark* v. *Carter*, 4 Moore, 207.)

Ruger, Ch. J. One Hart was executor under the will of John Wilson, deceased, and also a legatee therein. He presented the will for probate and offered himself as a witness to prove personal conversations and transactions had by him with the testator at the time of its preparation in relation to its contents and execution.

It was objected that he was incompetent under section 829 of the Code of Civil Procedure to testify to such transactions and conversations, both as a party to the proceeding and also by reason of his interest in the event. The proponent, thereupon, put in evidence a release to the administrator, of his interest as legatee under the will. The objection was thereupon overruled by the surrogate, and this is now alleged as error.

We think the questions presented have been settled by authority against the contention of the appellants.

The interest which the witness might have taken as legatee under the will was effectually discharged by the release. It was an instrument under seal importing a consideration, and its

effect was to swell the residuum of the estate and increase the amount to be distributed under the provisions of the will. The residuary legatee took nothing thereby in the right of the releasing legatee, and did, in no sense, succeed to the sum derived from, through or under any right of such legatee.

Neither was the witness incompetent by reason of being a party to the proceeding, or as being interested by way of commissions as executor. It was held in the case of *Children's Aid Society* v. *Loveridge* (70 N. Y. 387), that an executor was not such a party to the proceedings to prove a will, as would preclude him from testifying to personal transactions with the deceased testator, within the spirit and meaning of section 399 of the Code of Procedure.

Neither did his right to compensation as executor render him incompetent by reason of interest to testify to such transactions. This ruling was approved and followed in *Rugg* v. *Rugg* (83 N. Y. 592). The same question was decided in a similar manner in *Reeve* v. *Crosby* (3 Redf. 74). In *McDonough* v. *Loughlin* (20 Barb. 238), the proposed witness was an executor and trustee under the will as well as a subscribing witness. The question was whether the execution of the will could be proved by him, without working a forfeiture of his appointment as executor, and the devise to him as trustee, under 2 Revised Statutes, page 65, section 50, avoiding any beneficial devise, legacy, interest or appointment to subscribing witnesses. It was held that it could, inasmuch as the devise to him was in trust, he taking no beneficial interest therein, and his appointment as executor was fiduciary, and not for his own benefit. It was said that the commissions were given by statute as compensation for services, and did not accrue to the executor as a gratuity by force of the will. The claim and appointment were not beneficial within the meaning of the statute. It is said in the same case that the doctrine of the English courts is to the same effect, citing 1 Mod. 107; *Lowe* v. *Jolliffe* (1 W. B. 365); *Holt* v. *Tyrrell* (1 Barn. [K. B.] 12); *Bettison* v. *Bromley* (12 East, 250).

We find no cases in this State conflicting with the principles

laid down in those referred to. In *Lane* v. *Lane* (95 N. Y. 494) the proposed witness was not only an executrix, but also a legatee, and it was properly held, she not having released her claim as legatee, that she was an interested party.

There are no other objections made by the contestants appearing in the record which are open to consideration in this court. The executor, however, has appealed from so much of the judgment rendered by the General Term as awards costs to the unsuccessful contestants.

We are of the opinion that under section 2589 of the Code of Civil Procedure this appeal must prevail. That section lays down an express rule by which costs of appeal in that court must be regulated, and it authorizes costs to a successful party only. This was distinctly adjudged by this court in *In re Budlong* (100 N. Y. 203); and accords with sound policy. Sections 3230 and 3240 refer only to such cases as are not otherwise provided for in the Code.

The judgment of the General Term should be affirmed as to the probate of the will, and reversed as to the award of costs to the contestants, with costs to the executor to be paid out of the estate.

All concur.

Judgment, accordingly.