DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Defendant's motion for a new trial granted, with costs to abide the event.

---

In the Matter of the Probate of the Will of SARAH R. TORKINGTON, Deceased.

*Evidence inadmissible under section 829 of the Code of Civil Procedure — decree admitting a will to probate — when not reversed for error in the rejection of evidence.*

The evidence of an heir at law of a testatrix in a contested proceeding relating to the probate of her alleged will, to the effect that the witness was present at the time of the execution of the will, and saw the person who was in attendance upon the testatrix administer to her an opiate, is inadmissible under section 829 of the Code of Civil Procedure, where no valid release of the interest of such witness in the estate is shown to have been made.

Upon the contested probate of a will an interested witness, whose testimony was excluded as inadmissible under section 829 of the Code of Civil Procedure, produced an instrument of which the following is a copy :

" To the Hon. Joseph A. Adlington, Surrogate of Monroe County : I, George W. Rumble, one of the legatees, heirs at law and next of kin of Sarah R. Torkington, deceased, do hereby renounce and release all my interest of whatsoever name and nature in and to the estate of said deceased as legatee or otherwise.   Witness my hand and seal this 27th day of December, 1892.   George W. Rumble (seal)."

The witness testified that he executed such instrument, but there was no proof that it had ever been delivered to any one.

*Held*, that the instrument did not qualify the witness to give his testimony where the incapacity of the testatrix to make a will was the ground of contest.

Under the provisions of section 2545 of the Code of Civil Procedure, a decree of a surrogate admitting a will to probate will not be reversed for an error in the admission or rejection of evidence, unless it appears to the appellate court that the appellant was necessarily prejudiced thereby.

APPEAL by Emma J. Chapman, one of the legatees named in the last will of Sarah R. Torkington, deceased, from a decree of the Surrogate's Court of the county of Monroe, entered in the office of

the clerk of the Monroe County Surrogate's Court on the 27th day of December, 1892, admitting to probate the will of the said Sarah R. Torkington, deceased, as a valid will of real and personal property.

*John R. Fanning,* for the contestant, Emma J. Chapman, appellant.

*George A. Carnahan,* for the executrix, Laura M. Wackerman, respondent.

LEWIS, J.:

The will of Mrs. Torkington was offered for probate by the executrix, Laura M. Wackerman. Emma J. Chapman, a daughter of the testatrix, contested the probate of the will upon the grounds that the testatrix was, at the time of executing the will, of unsound mind, memory and understanding, and was not competent to make the will; that it was not her free, unconstrained, voluntary act, and that it was not executed in conformity with the requirements of the statute. The proof in favor of probating the will was so clear and satisfactory as to leave scarcely a doubt as to its being the will of the testatrix, and that the formalities of the statute were fully complied with in its execution.

The contestant called her brother, George W. Rumble, as a witness. He was a son and heir at law of the testatrix. The contestant offered to show by the witness that he was present on the morning of the day the will was executed, and saw the person who was in attendance upon the testatrix administer to her an opiate called upon the trial a suppository. The testimony was objected to by the proponent, upon the ground that the witness was not competent to testify to the transaction under section 829 of the Code of Civil Procedure. The objection was sustained. The contestant duly excepted. Her counsel thereupon produced an instrument in the words and figures following:

" To the Hon. JOSEPH A. ADLINGTON, *Surrogate of Monroe County :*

" I, George W. Rumble, one of the legatees, heirs at law and next of kin of Sarah R. Torkington, deceased, do hereby renounce and release all my interest of whatsoever name and nature in and

to the estate of said deceased as legatee or otherwise.    Witness my hand and seal this 27th day of December, 1892.

"GEORGE W. RUMBLE.    [SEAL.]"

Rumble testified that he executed this instrument.   No releasee is named in the instrument, and there was no proof that it had ever been delivered to any one.

The surrogate held that the instrument did not qualify the witness to give the testimony.   The contest being made upon the ground of the incapacity of the testatrix to make a will, and there being, as we think, no valid release proven, the testimony was properly rejected.   (*Eighmie* v. *Taylor*, 68 Hun, 573.)

But if it should be held that the evidence was competent, and that its exclusion was error, it was, we think, under the circumstances of the case, a harmless error, for an examination of the evidence satisfies us that had it been admitted the result of the contest would have been the same, for the due execution of the instrument having been so clearly and satisfactorily proven, this evidence, had it been admitted, would not probably have affected the result.   The appellant was not, therefore, prejudiced by the exclusion of the evidence offered.

It is provided by section 2545 of the Code of Civil Procedure that a decree of a surrogate admitting a will to probate shall not be reversed for an error in admitting or rejecting evidence, unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby.

The decree appealed from should be affirmed, with costs of this appeal to be paid by the contestant personally.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Decree of the Surrogate's Court of Monroe county appealed from affirmed, with costs to the respondent, to be paid by the appellant personally.