### BENNETT v. BENNETT.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. DESCENT AND DISTRIBUTION—EXPECTANT SHARE—RELEASE—VALIDITY.
   A writing, not under seal, signed and acknowledged by a son, reciting that, in consideration of the transfer of land to him by his mother in her lifetime, he released all his interest in her estate, addressed to no one, and not shown to have been delivered, is ineffectual as a release of his interest.

2. WITNESSES—COMPETENCY—COMMUNICATION WITH DECEDENT—HEIR.
   Under Code Civ. Proc. § 829, providing that a person through whom a party derives his interest shall not be examined as a witness as to transactions with a decedent, an heir who has released all his interest in a testator's estate is incompetent to testify to declarations made by the testator before and after its execution, when called as a witness by an heir who attacks the validity of the will, since the contestant's title is partly derived from the witness by virtue of the release.

3. WILLS—REVIEW—REVERSAL.
   A finding by a jury in an action at law that a will was not properly executed will be reversed, where incompetent evidence was admitted on an issue as to whether it was procured by fraud and undue influence.

Appeal from special term, Yates county.

Action by Madison R. Bennett against Andrew Ray Bennett, individually and as administrator with the will annexed of Eliza J. Bennett, deceased. From a judgment declaring an alleged will not the last will of decedent, and from an order denying a new trial, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

M. A. Leary, for appellant.
Thomas Carrody, for respondent.

LAUGHLIN, J. The action was brought, under section 2653a of the Code of Civil Procedure, by a son of the testatrix, to have the probate of her will determined invalid. The will was made and bears date May 12, 1896. The testatrix died on 10th day of September, 1897, and the will was admitted to probate on December 1, 1897. The decedent left three sons,—Madison R., the plaintiff; Andrew Ray, the appellant; and Ellsworth. She owned property of the value of about $5,000, consisting of a farm of 110 acres, the homestead on which she resided, and personal property, all of which,

after the payment of her debts, and the erection of a monument at a cost not exceeding $500, she devised to the appellant.

The complaint alleges (1) incompetency; (2) undue influence and fraud; and (3) that the will was not executed according to law. On the trial, evidence was given on all of these issues, and the court, in submitting the case to the jury, required a separate finding on each. The jury found specially that the decedent was incompetent to make a will, that its execution was procured by fraud and undue influence, and that it was not executed in the manner required by the statute; the question in that regard being whether the testatrix signed before or after the subscribing witnesses affixed their signatures. One of the subscribing witnesses testified that the witnesses signed first; and the other, that the testatrix signed first. This presented a question of fact for the jury, and no exception was taken to its submission, and we find no error in that regard. The appellant's counsel, however, duly moved at the close of the evidence for a dismissal of the complaint as to the other grounds, and excepted to the court's refusal to grant such motion, and likewise excepted to the submission of the other questions to the jury on the ground that the evidence was insufficient to warrant findings thereon adverse to his client.

The decedent's son Ellsworth, after testifying without objection to an interview with his mother, about a week before she executed the will, tending to show her incompetency, was recalled by the plaintiff; and, evidently for the purpose of removing his disqualification under section 829 of the Code of Civil Procedure, he proved his signature to a paper not under seal, but acknowledged by him that day, entitled in the matter of the estate of his mother, which recited that in consideration of a transfer of real estate made to him by his mother on the 18th day of April, 1896, he released all his right, title, and interest in and to the real and personal property of which she died seised, and he acknowledged full satisfaction of all claims against the estate, the executor, administrator, and heirs and next of kin of his mother. This paper was received in evidence under appellant's objection and exception, and the plaintiff offered to file it in the surrogate's office. It was addressed to no one, and it was not shown that it had been delivered to any one. It was ineffectual to release the interest of the witness, and would not have estopped him from claiming his interest as heir, should the will be annulled. Comstock v. Smith, 7 Johns. 87; In re Torkington's Will, 79 Hun, 128, 29 N. Y. Supp. 433; Jackson v. Stackhouse, 1 Cow. 182; Crawford v. Millspaugh, 13 Johns. 87; Seymour v. Mintum, 17 Johns. 169; Morgan v. Smith, 7 Hun, 247; Baird v. Baird, 81 Hun, 300, 30 N. Y. Supp. 785; Id., 145 N. Y. 659, 40 N. E. 222, 28 L. R. A. 375; Gray v. Barton, 55 N. Y. 69; Gallo v. City of New York, 15 App. Div. 61, 44 N. Y. Supp. 143. Nor did its execution, even if effectual to pass his interest, remove his disqualification as a witness under section 829 of the Code. If his interest in the estate was thereby released, it enlarged the interest of each of the other heirs therein. His testimony as to a personal transaction with his mother would still be incompetent under said

section, inasmuch as the plaintiff, in whose behalf he was called, would then derive part of his title and interest from the witness by virtue of said release. O'Brien v. Weiler, 140 N. Y. 284, 35 N. E. 587; Ditmars v. Sackett, 92 Hun, 384, 36 N. Y. Supp. 690; Mattoun v. Young, 45 N. Y. 696; Lyon v. Snyder, 61 Barb. 172. This witness was thereupon permitted to testify, under the appellant's objection under section 829 of the Code of Civil Procedure, to conversations with his mother in February, after she made the will, in which she said she had made no will, but contemplated making one soon, and intended to leave the farm of 110 acres to the plaintiff and appellant equally; and other declarations by the decedent, before and after making the will, indicating that she was quite displeased with appellant's conduct in not wanting her other sons to come to see her, and that she was not living pleasantly with him, and calculated to convey the impression that he was unkind and inconsiderate towards her. The witness, in narrating these conversations with his mother, testified to statements made to her by himself reflecting on appellant's conduct towards his mother and brothers, and attributing his failure and that of the plaintiff to call upon her more often to the disagreeable conduct of appellant towards them when they did come. The reception of this evidence, as has been seen, was error; and the question is whether, in view of the finding on the other issue, to which it did not relate, that the will was not properly executed, the error becomes immaterial and does not require reversal. For the purpose of examining the effect of this error in the reception of evidence, and without intending to hold that the evidence was insufficient to require its submission to the jury, it may fairly be stated that the plaintiff presented a weak case on the question of incompetency, and his case was not strong on the question of fraud and undue influence. Her other sons were married and lived in the neighborhood, but appellant resided with testatrix from the death of his father, which occurred 15 years before, and worked the farm. During that time he and his mother accumulated most of the property in controversy. The testatrix was 83 years old, but had generally enjoyed good health until some months after the making of the will. Twenty-four days before the execution of the will she executed and delivered to Ellsworth, as a gift, a deed of 57 acres of land, and he immediately took possession thereunder. The same premises were devised to him in the will. There was evidence tending to show that she had expressed an intention of leaving the remaining farm to plaintiff and appellant equally. No case in point has been cited, and the only case we find in this state bearing directly on the question is Petrie v. Petrie (Sup.) 6 N. Y. Supp. 831, affirmed in 126 N. Y. 683, 27 N. E. 958, where, in a partition action, similar issues involving the validity of a will were settled and sent to a jury; but only the questions of incompetency and fraud and undue influence were actually submitted to the jury, as the proper execution of the will was conceded. It was there claimed that incompetent evidence had been erroneously received on the question of fraud and undue influence, and the court held that, although the evidence

complained of bore on the question of undue influence, it also tended to show competency, and therefore could not have prejudiced the defendant on the latter issue, and its reception did not require a new trial, as, in consequence of the finding of incompetency, the finding of fraud and undue influence became immaterial. This being an action at law, and that being a suit in equity, where the final decision of all issues is by the court, it would not necessarily be controlling here. Baylies, New Trials, p. 173; Bank v. Dean, 137 N. Y. 110, 32 N. E. 1108; Carroll v. Deimel, 95 N. Y. 252. If the jury took the questions up in the order of their submission, then they first found, presumably influenced by this incompetent evidence, that the appellant by fraud and undue influence induced his mother, who was mentally and physically weak, to execute this will in his own favor, as there was no claim that any other person exercised fraud or undue influence upon her. Having arrived at this conclusion, based to some extent on erroneous rulings, can it be said that the jurors were in a state of mind to give the testimony bearing on the remaining question that fair, ·calm, dispassionate consideration required of a judicial tribunal, and to which the appellant was entitled? This section of the Code seems to require a general verdict on the issue as to whether the writing produced is or is not the last will or codicil of the testatrix, and no general verdict was rendered in the case at bar, by direction of the court or otherwise. It was proper to submit these special questions to the jury, and ordinarily such findings would aid in the final determination of the case, and would prevent a new trial if an error were committed in the reception of evidence relating to a particular issue, or in the submission of such issue to the jury, where such error could not have prejudiced the jury in the determination of another issue, the finding upon which would be sufficient to sustain the general verdict. In this case, however, we think the evidence thus erroneously received may well have prejudiced the minds of the jurors against the appellant to such extent that we cannot say that they rendered a fair and impartial verdict on the last issue submitted, and on which such evidence had no direct bearing.

The judgment and order appealed from must therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.