WILLS—EXECUTION—FASTENING OF SEPARATE SHEETS.
   A will written on several sheets of paper, and signed by the testator at the physical end of the writing, is properly executed, though the sheets are not fastened together until after the execution, since the statute does not provide for the fastening together of the sheets composing a will.

Proceedings for the probate of the will of Josiah Snell, deceased. Probate decreed.

Edward R. Hall, A. J. Nellis, H. V. Borst, B. F. Spraker, and Geo. S. Kloch, for executors.

J. D. Wendell, R. P. Anibal, Geo. C. Butler, and James A. Evans, for contestants.

DUNLAP, S. Josiah Snell resided in the town of Palatine, Montgomery county, N. Y., in December, 1899. On the 26th day of December, 1899, Edward R. Hall, an attorney residing at St. Johnsville, N. Y., some 10 or more miles from the residence of the deceased, was sent for by Mr. Snell to draw his will. Mr. Hall went to the house of Mr. Snell on that day, and commenced drawing the will offered for probate, which he completed on the morning of December 27th. The will was drawn on three sheets of legal-cap paper, and the written portion covers the first ten pages and

most of the eleventh page. At the time of the alleged execution of the will the three sheets of paper were not fastened together in any way, except that Mr. Hall had folded them together and creased them somewhat, and, as the testator and the witnesses signed the paper, Mr. Hall held them together with his hand. The pages were numbered from 1 to 11, inclusive, and were in regular order of the sheets and pages to the eleventh page. The testator subscribed the will at the end of the testimonium clause, and the witnesses also signed at the end of the testimonium clause. There is an attestation clause, also, on page 11; and immediately after the attestation clause the witnesses have signed their names, and after their names have added their residences. The testator declared the paper to be his last will and testament. He subscribed it in the presence of the witnesses. He requested the witnesses to sign as witnesses, and they did sign in his presence and in the presence of each other. It appears by the subscribing witnesses that the testator was competent to make a valid will, and was in no wise incompetent or under restraint. As I understand it, no claim is made that there was any fraud connected with the execution of the will or since. After the execution of the will, Mr. Hall folded it up, placed it in an envelope, and took it to his office in St. Johnsville, where he fastened the sheets together with metal staples. The contestants claim that, inasmuch as the three sheets were not attached at the execution, there was an opportunity for fraud, and that the will was not subscribed at the end thereof, as required by statute, and is therefore invalid.

It is very clear from the evidence that the paper was drawn by Mr. Hall as the testator requested it and as he wanted it; that it was read over to him; and that the identical papers are produced as the will that were before Mr. Snell at the time that he executed the will,—that is, there is no claim that any sheets or papers have been substituted in place of the ones in Mr. Hall's hand at the time of the execution of the will. The question, therefore, resolves itself to this: Is the will, consisting of three sheets, not fastened together with staples or otherwise at the time of its execution, and which is subsequently attached together with metal staples, properly executed, under the statutes of this state? If the three sheets' at the time of the execution had been fastened together with metal staples, as they were when presented to this court for probate, and the testator had signed the paper where he did in fact sign it, I feel sure that the contestants would concede that the will was subscribed by the testator at the end thereof. The testator did sign at the physical end of the will. I am unable to find any case in this state like this one. There are numerous reported cases, where a paper has been annexed to another paper subscribed by the testator, where the courts have held that the testator did not subscribe the will at the end thereof. In each of these cases the paper attached to the one subscribed by the testator did not follow in the consecutive physical order, as the papers in this case do. The statute requires that the will be subscribed at the end thereof. There is no provision in the statute as to the

manner in which the different sheets of paper comprising the will shall be fastened. It is nowhere held that they must be fastened or connected by mechanical appliance or by chemical substance, and there is no provision in the statute that the will must be written on a single sheet of paper. "A will may be written on several sheets of paper. It is sufficient if the different parts be connected by their internal sense, coherence, or adaptation." 29 Am. & Eng. Enc. Law, 158. The case under consideration is not like those of Sisters of Charity v. Kelly, 67 N. Y. 409; In re Hewitt's Will, 91 N. Y. 261; In re O'Neil's Will, Id. 516; In re Conway, 124 N. Y. 455, 26 N. E. 1028, 11 L. R. A. 796; In re Blair's Will, 152 N. Y. 645, 46 N. E. 1145; Id., 84 Hun, 581, 32 N. Y. Supp. 845; In re Andrews' Will, 43 App. Div. 394, 60 N. Y. Supp. 141, affirmed in 162 N. Y. 1, 56 N. E. 529; In re Whitney's Will, 153 N. Y. 259, 47 N. E. 272. In all these cases there was some material provision following the signature of the testator, which evidently referred to the will, with the intent to be a part of it. In these cases the testator did not sign at the physical end of the will, as in this case. The distinction between these cases and the one under consideration is so obvious that it is useless to point it out, further than to say that the subscription of the testator is at the physical end of the will, and the objection to the probate of the will is put upon the ground that the sheets were not attached together at the time of the execution of the will. As I have before stated, the statute makes no provision for the fastening together of the sheets composing the will. The cases above hold that a failure to subscribe the will at the physical end thereof is not a compliance with the provisions of the statute, and the rule is strictly held that a will must be executed according to the provisions of the statute. As there is no provision of the statute expressly requiring the sheets to be annexed, that rule would not apply to this case; and the question would then be whether there was any fraud connected with the execution of the will, or whether any papers were substituted subsequent to the execution of the will. As I stated before, there is no claim of fraud or substitution. Jarman & Schouler cite Gass v. Gass, 3 Humph. 285, where the court said:

"The proof shows that the will of the testator was written by himself upon two sheets of paper, which upon production appeared to have been united; but there is no proof that they were so at the time of the attestation. nor is there any direct proof that they were both present at the time the witnesses attested the will. The court charged the jury, upon this point, that it was necessary, where a will was written on separate pieces of paper, and the last only signed by the witnesses, that they all should be produced at the time of the attestation, but that this fact might be proven by circumstances. This charge is correct."

In the case of Ela v. Edwards, 16 Gray, 99, the court said:

"A further objection was taken to the probate of this instrument, that it was written on several pieces of paper. We do not understand that this fact is fatal to the validity of the will. * * * In the present case the different papers are obviously connected in their provisions, and are sufficiently shown to have been attested by the witnesses."

In Wikoff's Appeal, 15 Pa. St. 281, the court said:

"It is not essential to the validity of the will that the different parts of it are physically connected. It is sufficient if they are connected by their internal sense, or by a coherence and adaptation of parts."

In Schouler, Wills (2d Ed.) § 337, it is said:

"That if the will be written on several sheets, whether fastened together or not, and the last sheet only is attested in form, the whole will is well executed, provided all the sheets were in the room."

In Jones v. Habersham, 63 Ga. 146, the court held that:

"A will written upon separate and detached sheets of paper may still be a good will, if the writing propounded, taken as one entire document, is in all its parts the identical testament made by the decedent. Where the whole will is in writing, and all the forms of law were fully complied with for its execution and attestation, and the question of the identity of the several sheets propounded, with those on which the will was thus executed and attested, was fully and fairly submitted to the jury, the finding should not be disturbed unless some rule of law has been violated."

The same case also holds:

"It would be a dangerous rule to say that all wills must be written on one continuous sheet of paper, or that they must necessarily be tied and fastened together with tape and a waxen or other seal."

The will should therefore be admitted to probate. A decree will be entered accordingly.

Probate decreed.