(Surrogate's Court, New York County. December, 1900.)

1. WILLS—CONTEST—WITNESSES—COMPETENCY—RELEASING LEGATEE.
    Where a release under seal, purporting to be executed by a legatee named in the will, but not otherwise having any interest in the estate, was offered in evidence, and filed without objection, on a contest of a will, it having come from the custody of counsel for the proponents, legatees affected by it, the releasor was properly permitted to testify in their behalf.

2. SAME—EVIDENCE OF EXECUTION—SUFFICIENCY.
    On a contest of a will, two of the subscribing witnesses testified that every requirement of its execution was carefully observed, except that decedent did not sign it in their presence, or exhibit her signature to them.

It appeared, however, that the will was entirely in the handwriting of decedent, an intelligent woman. It was written on three sheets of paper, the first initialed by decedent at its end. She had written her name three times on the second sheet, and again at the bottom of the third, after the signatures of the witnesses. The attestation clause began with the words, "Signed as and for her last will and testament by M. A. F., in our presence," etc., and the witnesses signed this certificate. A third witness, not examined, and who made no question as to the accuracy of the memorandum, also signed the same certificate. The entire execution was in the presence of her husband, a lawyer, presumably knowing its requirements, and taking valuable rights under the will. *Held*, that these circumstances, in connection with the testimony of a witness which was complete and satisfactory as to every material fact of due execution, were sufficient to establish the will.

3. SAME—WRITING ON SEPARATE SHEETS—FAILURE TO ANNEX.
That the three sheets of note paper on which a will was written were not annexed at the time of its execution does not impair its validity.

Contest of the last will and testament of Mary A. Fitzgerald, deceased. Decree in favor of proponents.

Carter, Hughes & Dwight and Thomas C. O'Sullivan, for proponents.

Seward, Guthrie & Steele and John Delahunty, for contestants.

THOMAS, S. Thomas P. Hodnett, a legatee named in the will, but not otherwise having any interest in the estate, was called as a witness, and a release executed by him was proved, and offered and received in evidence, and filed without objection. On the footing of this release he was permitted to testify as to the details of the execution of the will against the objection of the contestants, and under their exception. The ruling admitting this evidence is now asked to be reconsidered, and I have examined the contentions of the contestants with respect to it, only to be confirmed in my opinion of the correctness of my decision made at the trial. The facts in this case with relation to this point cannot be distinguished from those found in Re Wilson's Will, 103 N. Y. 374, 8 N. E. 731. In that case, as in this, the witness who was called was a legatee under the will, and the release executed by him was produced at the trial. In the opinion of the court it is stated that the release was "to the administrator," but on examination of the record of the appeal I find that it was something different from this. It recites the pendency of the proceeding to prove the will, and that the witness is desirous of giving certain testimony in said proceeding, which, under the laws, he is precluded from giving by reason of his interest, and proceeds as follows:

"Now, therefore, for the purpose of removing any and all such disqualifications, and in consideration of the sum of $1 to me in hand paid by John C. Schofield, the temporary administrator of the goods, chattels, and credits of said John Wilson, deceased, I do hereby release, exonerate, and forever discharge the estate of John Wilson, deceased, his executors and administrators, and all and every of them, of and from the payment of said legacy so given to me in and by said instrument or will offered for probate as aforesaid, and of and from all claim and demand whatever which I now have or may hereafter have against the estate of said deceased, or said executors or administrators, or for or by reason of said legacy; said instrument or will to stand, so far as I am concerned, with the same force and effect as if the

fourth clause therein, giving me the sum of $300, such legacy aforesaid, had never been inserted therein."

The paper was under seal, and acknowledged. I am unable to observe any substantial difference between this release and the one in this case. No recital of the purpose for giving the release is in the instrument, but the fact that it was intended to remove the disability of the witness was proved on his examination by counsel for the contestant. Neither is it recited that the "$1" named as one of the considerations was paid by the temporary administrator; but it is under seal, and the words of release contained in it are as full and ample in the one document as in the other. No objection was made at the trial to a failure to prove the delivery of the release, and none was made in the case cited, where there was the same omission. It came from the custody of the counsel for the proponents, legatees under the will and persons affected by it, and delivery to them can be presumed. Goodrich v. Walker, 1 Johns. Cas. 253; Hulse v. Bacon, 40 App. Div. 89, 57 N. Y. Supp. 537. It was filed with the court, thus making it available for all parties in interest. If lack of proof of actual delivery to any one had been made a ground of objection, delivery at the time of the trial would have been a simple formality, which the witness, by his whole conduct and testimony, showed himself willing to observe. It is argued that the release served to increase the share in the estate of the residuary legatees, and that for this reason the witness was being called in behalf of "a person from, through, or under whom" he derived his interest or title "by assignment or otherwise." Code Civ. Proc. § 829. But the same objection was made in the Wilson Case, and was answered by Ruger, C. J., as follows:

"The interest which the witness might have taken as legatee under the will was effectually discharged by the release. It was an instrument under seal, importing a consideration, and its effect was to swell the residuum of the estate and increase the amount to be distributed under the provisions of the will. The residuary legatee took nothing thereby in the right of the releasing legatee, and did in no sense succeed to the sum derived from, through, or under any right of such legatee." In re Wilson's Will, 103 N. Y. 375, 8 N. E. 732.

The Wilson Case was followed in Loder v. Whelpley, 111 N. Y. 239, 18 N. E. 874, in which the facts were almost precisely similar, and the record of the appeal in that case shows the release to have been in precisely similar form. In Re Berrien (Sup.) 12 N. Y. Supp. 587, the general term of this department approved of a ruling of a surrogate admitting the testimony of a legatee called on behalf of the proponent, on a trial of a contested probate, after he had orally declared on the witness stand that he released and waived his legacy, without requiring the execution or delivery of any paper whatever. The cases cited by the contestant in support of his contention as to the disqualification of the witness are plainly distinguishable from the authorities above referred to. In Bennett v. Bennett, 50 App. Div. 127, 63 N. Y. Supp. 387, and in Re Torkington's Will, 79 Hun, 128, 29 N. Y. Supp. 433, the witness in each case was an heir of the decedent. He was called on behalf of the contestant, and the will affected real property. In such a case, if the

conflict prevailed, title to land would pass to the witness, and a mere release or waiver would not suffice to devest such title, or to deprive the witness of his interest. What would have been rquired was a conveyance to some specified person, under seal, and containing words of grant. In one of the cases the instrument offered was a paper not under seal, and in neither case was any grantee named. If the paper in either case had been held operative, its effect, on the refusal of probate, would have been to pass title to land, not from the decedent, but from the witness to the person in whose interest the witness was called. The decisions declaring the witness incompetent were both clearly right upon their facts. In O'Brien v. Weiler, 140 N. Y. 281, 35 N. E. 587, a release by one part owner of a fund claimed under a will, and sued for in the action, to his co-owner, was held to amount to a transfer or assignment of his interest, and to bring the releasing party within the rule which disqualifies the person from or through whom the interested person derives his interest or title from testifying as to personal transactions or communications with the testator on whose right the claim was based. The court cited In re Wilson's Will, supra, and Loder v. Whelpley, supra, declaring them not applicable, and saying:

"They were proceedings for the probate of wills contested for the want of testamentary capacity. The witnesses offered were legatees under the will, and they executed a general release and discharge of their legacies. They were not offered as witnesses in behalf of any party to the proceeding or person interested in its event who had succeeded to their interest as legatees, and they were, therefore, held not incompetent to testify with reference to a personal transaction or communication with the testator."

With the testimony of Mr. Hodnett remaining in the case, I reach my conclusion as to the facts without the slightest difficulty. The testimony of the two subscribing witnesses who were examined, to the effect that every requirement of the execution of the paper as a will was carefully observed, except only that the decedent did not sign the instrument in their presence, or exhibit her signature to them, is not in harmony with probabilities. The will is entirely in the handwriting of the decedent, who was plainly an intelligent woman, and an easy and rapid writer. It was lawfully written on three sheets of note paper, and the fact that these were not annexed at the time of execution does not impair its validity. In re Snell's Will, 32 Misc. Rep. 611, 67 N. Y. Supp. 581, and cases cited. The first sheet was initialed by the decedent at its end. She wrote her name three times on the second sheet, and again at the bottom of the page on the third sheet, after the signatures of the witnesses, all for the obvious purpose of identifying each and every sheet as a part of the will. The attestation clause begins with the words, "Signed as and for her last will and testament by the above Mary A. Fitzgerald, in our presence," etc., and this certificate these witnesses signed. A third witness, not examined, and who makes no question as to the accuracy of this memorandum, also signed the same certificate. The entire execution was in the presence of the husband of the decedent, who was a lawyer, presumably having knowledge of the requirements of execution, who

took valuable rights under the will. All of these circumstances have weight, though not, in themselves, sufficient to establish the will contrary to the evidence of the subscribing witnesses. Woolley v. Woolley, 95 N. Y. 231. The testimony of Mr. Hodnett was, however, complete, and satisfactory as to every material fact of due execution, and, having seen and heard all the witnesses testify, I believe him, and I refuse to believe the subscribing witnesses, and I will admit the will to probate notwithstanding their testimony. In re Cottrell, 95 N. Y. 329; In re Carey's Will, 24 App. Div. 531, 542, 49 N. Y. Supp. 32; Code Civ. Proc. § 2620. The objections will be overruled, and the will admitted to probate. The alterations in the paper will be adjudged to have been made before execution. Costs will be adjudged against adult contestants. Costs of special guardians will be adjudged on signing decree.

Decreed accordingly.