SUSIE V. HOLLENDER, as Administratrix, etc., of JOHN A. GOODENOUGH, Deceased, Appellant, *v.* FREDERICK H. WALLACE, as Administrator of CHRISTOPHER D. WALLACE, Deceased, Respondent.

First Department, December 7, 1917.

Will — action to establish lost will — evidence insufficient to establish will or its destruction — when judgment for defendant should not be upon merits — evidence — personal transaction with decedent — legatee of legatee under alleged lost will incompetent as witness — proof necessary to establish lost will — practice — motion for new trial upon minutes in case tried at Special Term.

Action to establish an alleged lost or destroyed will. Evidence examined, and *held*, insufficient to establish due execution of the alleged will, or its contents, or the fact that it had ever been executed or was in existence at the death of the testatrix, or had been destroyed either before or after her death.

But, although the plaintiff's failure of proof justified a dismissal of the complaint, it was error for the court to award judgment to the defendant on the merits where the evidence did not justify an affirmative finding

First Department, December, 1917.    [Vol. 180.

that no will was executed by the testatrix, or that a paper alleged to be her will was not in existence when she died, or that it had not been fraudulently destroyed during her lifetime, or that the will, if executed, was destroyed by the testatrix *animo revocandi.*

*Quære,* as to whether an administratrix with the will annexed of a person alleged to be a legatee under a lost or wrongfully destroyed will has such a pecuniary interest in the result of an action to establish the will as to render her incompetent to testify to a personal transaction with the testatrix.

However, a beneficiary and residuary legatee named in the will of a legatee whom it is claimed was entitled to take under the lost or destroyed will is not entitled to testify to a personal transaction with the alleged testatrix.

Hence, where such witness is one of the only two witnesses by whom the existence of the lost will can be established it is impossible to prove the contents of the alleged will, for section 1865 of the Code of Civil Procedure requires the will to be proved by at least two credible witnesses where there is no copy of the will in existence.

There is no authority for a motion for a new trial upon the minutes in a case which has been tried before a justice without a jury at Special Term.

APPEAL by the plaintiff, Susie V. Hollender, as administratrix, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of March, 1917, dismissing the complaint upon the merits upon the decision of the court after a trial at the New York Special Term, and also from an order entered in said clerk's office on the 27th day of March, 1917, denying plaintiff's motion to resettle the decision of the court herein; plaintiff further appeals from two orders entered in said clerk's office on the 11th day of April, 1917, the one denying her motion for a new trial founded on alleged error in the trial and the other denying a similar motion made on the ground of newly-discovered evidence.

*John H. Hazelton,* for the appellant.

*Gilbert E. Roe,* for the respondent.

SCOTT, J.:

This is an action to establish an alleged lost or destroyed will of one Maria G. Wallace who died in 1905, a resident of the county and State of New York.

Mrs. Wallace left her surviving a husband, Christopher D. Wallace, who administered her estate as that of an intestate.

He died in March, 1911, and the defendant Frederick H. Wallace was appointed administrator of his estate.

The plaintiff is administratrix *c. t. a.* of John A. Goodenough, who died on February 11, 1909, and who was the brother of the aforesaid Maria G. Wallace. Goodenough left a will which was admitted to probate in Vermont in which Carl Hollender, husband of plaintiff, was appointed executor. He duly qualified as such, but resigned in 1912, and plaintiff was appointed administratrix *c. t. a.* in his place. This action was begun in June, 1915, ten years after the death of Mrs. Wallace, four years after the death of her husband and six years after the death of John A. Goodenough. What the plaintiff alleged and undertook to prove was that Mrs. Wallace before her death duly executed a last will and testament in which she gave to John A. Goodenough a substantial legacy, as well as the residuum of her estate; that this will was in existence unrevoked at her death, and that it was destroyed, after her death, by her husband, Christopher D. Wallace, or by his procurement.

It would serve no useful purpose to review the evidence in detail. It is sufficient upon that subject to say that we thoroughly agree with the learned trial justice that there was no sufficient proof of the due execution of the alleged will or of its contents, or of the fact that such will, if it ever was executed, was in existence at the time of Mrs. Wallace's death, or that it was destroyed either before or after her death by her husband, or by any one else.

The conclusion at which we have arrived on these points is sufficient to affirm the judgment in so far as it dismisses the complaint, but since we are of opinion that it was erroneous to award judgment to the defendant " upon the merits," and feel constrained to modify the judgment in that regard, it is possible that a new action may be commenced wherein some of the questions discussed upon the appeal may again arise, and one of those we propose to consider.

The trial justice made findings of fact in which he found affirmatively that no last will and testament was executed by Mrs. Wallace; that the paper alleged to be her will was not in existence when she died; that the paper alleged to have been executed by her was not fraudulently destroyed during her lifetime, and that if any such paper was executed

First Department, December, 1917.          [Vol. 180.

by Mrs. Wallace, as alleged, it was destroyed by her *animo revocandi* during her lifetime. The evidence did not warrant these affirmative findings. The most that can be said of it is that it was insufficient to establish the facts alleged by the plaintiff and necessary to be proven by her in order to entitle her to the relief demanded. The findings of fact, therefore, will be reversed and the final judgment modified by striking out the words " upon the merits," leaving it to stand simply as a judgment of dismissal which requires no findings of fact to sustain it.

That the evidence is. insufficient to establish the due execution of a will by Mrs. Wallace is too obvious to require demonstration. That the evidence on this point is clearly inadequate, even in the view of the appellant, is indicated by her motion for a new trial in order that she might be afforded an opportunity to re-examine orally the witnesses whose testimony had been taken by deposition. So also as to the evidence offered to show that the will, if ever executed, was in existence up to the date of Mrs. Wallace's death. It was altogether inconclusive.

By the terms of the statute (Code Civ. Proc. § 1865) .it was necessary that the provisions of the alleged will should be clearly and distinctly proved by at least two credible witnesses (there being no copy or draft in existence), and the point which we propose to consider, because it may arise again, is as to the admissibility of the evidence offered by the plaintiff to show the contents of the alleged will. The evidence proposed to be given on this point was that the plaintiff and her husband, Carl Hollender, who, as it was stated, were prepared to swear that Mrs. Wallace had shown the alleged will to them and that they had read it and knew its contents. In fact only the plaintiff was actually called as a witness and her testimony was not permitted to be given. The objection to her testimony, and that which, as was clearly indicated, would have been made to the testimony of her husband if offered, was that their evidence would necessarily involve the statement of a personal transaction with Mrs. Wallace, a deceased person, through or under whom they claimed an interest in the event. (Code Civ. Proc. § 829.) As to the plaintiff her pecuniary interest in the result, so far as

appeared, was limited to the commission she might become entitled to as administratrix *c. t. a.* of the Goodenough will. It appears to be doubtful whether this was such an interest as would disqualify her. (*Rugg* v. *Rugg*, 21 Hun, 383; *Matter of Wilson*, 103 N. Y. 374; *Loder* v. *Whelpley*, 111 id. 239.)

As to Carl Hollender, the other witness by whom it was proposed to prove the contents of the alleged will, a different question was presented. He was a beneficiary named in the will of Mr. Goodenough. Not only was he given a legacy, but he was also named as one of several residuary legatees. Presumptively, therefore, he would profit to some extent by a judgment which would result in enhancing the value of that estate. The court, therefore, would have been obliged to reject his evidence if it had been offered, and without him the plaintiff could not have proven the contents of the alleged will.

The plaintiff appeals from three orders denying motions made by her after the decision of the case. One is for a resettlement of the decision. The motion was properly denied as made, and the order denying it is affirmed, with ten dollars costs. The second is for a new trial upon the minutes. There is no provision for such a motion in a case tried before a justice without a jury at Special Term and this motion was properly denied. The appeal from the order denying it is dismissed, with ten dollars costs. The third order appealed from is from an order denying plaintiff's motion for a new trial upon what she denominates newly-discovered evidence. This motion was properly denied and the order denying it is affirmed, with ten dollars costs.

The final judgment will be modified as already indicated, by striking out the words " upon the merits," with costs to the respondent, the findings of fact being reversed.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Judgment modified as indicated in opinion, with costs to respondent. Order to be settled on notice.