Nolan, J.
Ida Aievoli died on June 14, 1943, a resident of Kings County. She was survived by her husband, Balph Aievoli, and ten adult children. By her last will and testament, dated October 3, 1934, she left her entire estate, consisting of real property; to her husband. When the will was presented for probate, appellants, children of the decedent, filed objections, among which was the assertion that the will had been duly revoked and cancelled by the decedent. On the trial of the issue thus raised one Leonard Abbazia, a son-in-law of the decedent, testified that in the latter part of April, 1943, in the presence of the decedent and at her direction, he had drawn two diagonal lines across the face of the will and had written thereon the word “ Cancelled ”. One of the appellants, Balph Aievoli, a son of the decedent, was also called as a witness, in his own behalf and in behalf of his sisters, who were the other objectants. His testimony, to the same effect, was taken over objection that he was incompetent so to testify, by virtue of the provisions of section 347 of the Civil Practice Act, and subject to a motion to strike it out. Before his testimony was taken there was marked in evidence a paper produced by appellants’ attorney, by which the witness purported to waive his *546 rights under the will and, in addition, any and all rights which he might have as a distributee in the event of his mother’s intestacy. At the conclusion of his testimony, the learned Surrogate granted the motion to strike it out, dismissed the objection on the ground that the alleged revocation of the will had not been established by the testimony of at least two competent witnesses, as required by section 34 of the Decedent Estate Law, and admitted the will to probate. It is asserted on this appeal that in so ruling the Surrogate erred, and that the decree admitting the will to probate should be reversed and probate should be denied.
It was not contended before the Surrogate that the waiver was ineffectual to release the interest of the witness or to estop him from claiming his interest as a distributee should the will be annulled, nor is that contention presented on this appeal. Its effectiveness is, however, open to serious question. It was addressed to no one, was not shown to have been delivered to anyone, nor did it in express terms release anyone from any claim which the witness might later choose to assert. The will related to real property. If the contest had been successful, title to land would have passed to the witness, and a mere waiver would not have sufficed to divest such title. (Cf. Bennett v. Bennett, 50 App. Div. 127; Matter of Fitzgerald, 33 Misc. 325, 328.) If we assume, however, that the waiver was sufficient to divest the interest of the witness, it does not follow that he was thereby rendered competent to testify.
By the provisions of section 347 of the Civil Practice Act, a person from, through or under whom a person interested in the event derives his interest, by assignment or otherwise, is forbidden to testify, in behalf of the person succeeding to his interest, against the executor, administrator or survivor of a deceased person, or a person deriving his interest from, through or under a deceased person, concerning a personal transaction between the witness and the deceased person, except under the circumstances therein mentioned. If the waiver was effectual to release the interest of the witness, it also effected ■ a proportionate enlargement of the interest of each of the other distributees, in the event of intestacy, as though such interest had been deeded to them.
The test is to be sought in the legal effect of the instrument by means of which the interest of the witness is extinguished. “ It matters- not by what name it is called; if it operates in law to vest in another party to the action, or in a person interested in its event, the title or interest which the witness formerly *547 had, the prohibition remains if it is proposed to use the testimony of the witness in behalf of his successor in interest.” (O’Brien v. Weiler, 140 N. Y. 281, 285; Bennett v. Bennett, supra.)
Matter of Wilson (103 N. Y. 374) and Loder v. Whelpley (111 N. Y. 239) are not authorities to the contrary. In those cases legatees who had released their interests were permitted to testify in support of wills offered for probate. Although the logic of those decisions appears to have been questioned, their authority may not be denied. (Matter of Kindberg, 207 N. Y. 220, 226.) They have no application, however, to the facts presented here. They were considered and distinguished in O’Brien v. Weiler (supra), and it was there pointed out that a legatee who has executed a valid release of his legacy and who is offered as a witness in support of a will does not testify in behalf of any party to the proceeding, or person interested in the event, who ,has succeeded to his interest as a legatee. In the instant case the witness, who had purported to waive his interest as a distributee, was offered in behalf of other distributees who, if the waiver was effective, had succeeded to that interest directly by virtue thereof. In our opinion he was incompetent to testify.
The decree of the Surrogate’s Court, Kings County, should be affirmed, with costs to respondent, payable out of the estate.
Hagarty, Acting P. J., Johnston, Adel and Sneed, JJ., concur.
Decree of the Kings County Surrogate’s Court unanimously affirmed, with costs to respondent, payable.out of the estate.