■ In the Matter of the Probate of the Will of JOSIE M. POTTER, Deceased. RAE HILLBURN, Appellant; EUGENE L. MORGAN et al., Respondents.— HAMM, J. Appeal from an order of the Surrogate of the County of Fulton denying probate. On May 2, 1952, the decedent made a will. On January 23, 1962, the decedent made another will which substantially followed the terms of the earlier will of 1952. On September 7, 1963, a purported codicil made no change in the prior will except to add gifts of $5,000 each to the proponent, a practical nurse employed by the decedent, and to another practical nurse also so employed. Another purported codicil dated December 2, 1963, made an additional gift of shares of General Motors stock to the proponent. The 1962 will was filed but the existence of the codicils apparently was unknown to the objectants until disclosed by testimony at the trial. In May of 1963 the proponent had been hired as a practical nurse in the decedent's home. On May 23, 1964, the decedent purportedly executed a third will, which is the writing in issue. At the time of the alleged execution she was bedridden and more than 90 years of age. This document constituted the proponent sole executrix and made her sole residuary legatee; as residuary legatee she was to receive the major portion of the decedent's substantial estate. The Surrogate denied probate, determining that the decedent lacked testamentary capacity, that the paper bearing date of May 23, 1964, was not her last will and testament and that she did not sign it or duly execute it. On the weight of the evidence the Surrogate was so manifestly correct that no discussion is required. However, the appellant relies on alleged errors committed during the trial. Citing *Matter of Coddington* (307 N. Y. 181) decided prior to the amendment now contained in CPLR 4504, it is argued that it was error to receive physicians' testimony as to the deterioration of the decedent's mental and physical condition. This contention is without merit (*Matter of Podolak*, 10 A D 2d 794). The proponent urges that the testimony of the objectants' witnesses "opened the door to rebuttal testimony by the proponent and other interested witnesses." However, none of these witnesses was barred by CPLR 4519 from testifying. The executors under the 1962 will were not disqualified as such (*Matter of Wilson*, 103 N. Y. 374), the heirs at law would have to defeat the 1962 will in order to benefit and, as a matter of fact, also the codicils, the validity of which the proponent asserts, and the legatees under the 1964 instrument who testified received the same legacies under the 1962 will and alleged codicils and hence would not have had the requisite financial gain by defeating the 1964 will to become persons "interested in the event." Although the proponent produced a handwriting expert, she argues that it was error to refuse "a continuance to enable her to obtain a handwriting expert of similar reputation to that of the contestants' expert." However, the answer states that the subscription "if it was in fact subscribed", was improperly procured. We find that the quoted phrase was sufficient to obviate surprise and that the Surrogate acted correctly within the limits of his discretion. The proponent next contends that the handwriting used by the contestants' expert was not a proper basis of comparison "when there were four known specimens of the decedent's handwriting after her illness." The expert, however, was not required to use writings which appeared to be of dubious authenticity and, in any event, his omission to do so would affect only the weight of his testimony. The proponent urges that it was error for the court to say that the status of the signatures on the codicils and the photographic enlargements of those signatures "had not been determined as to whether they were genuine or not." The first codicil was received in evidence subject to no concession that it was entitled to be probated and the second

codicil was likewise received in evidence subject to no concession as to the validity of the document or signature. The photographic enlargements of the signatures were offered later in the course of the trial with no effort to lay a foundation for reception and it was then that the court made the statement complained of. We find no error. A subscribing witness had recanted her previous testimony. The proponent urges that the Surrogate owed a duty to take affirmative action against her "either by contempt or arrest for perjury." We find this contention to be quite without relevance to the issues before us. In her brief the proponent has printed a series of quotations presumably to indicate that the Surrogate acted in a manner unduly favorable to the respondents. These quotations were generally aimed at clarification and, when read in context, indicate neither lack of objectivity nor undue participation in the trial. It is contended that the Surrogate should have received in evidence records kept by the decedent's practical nurses. The attending physician stated that the records they kept "to a doctor are nothing", that they were not trained to keep records and that he would not "even bother to look at them." The Surrogate took the view that the writings were private memoranda which were not made in the regular course of business and the making of which was not the regular course of business (CPLR 4518). The alleged records were, in any event, contrasted with the weight of the objectants' proof, of insufficient import to have changed the result. On cross-examination a witness for the objectants had referred to excerpts copied from a diary. The Surrogate refused to require the witness to produce the diary. Although we think production might have been allowed for the purpose of attacking the credibility of the witness' testimony on direct examination, we note that the contestant in her brief relies very substantially on the evidence of the witness and, on consideration of the entire record, find the ruling not to involve such substance as to be reversible error. We agree with the proponent that she and another witness should have been allowed to testify to transactions and conversations with the decedent which they observed but in which they did not participate. The proponent states that she and another witness would have testified that a doctor "did not give the intravenous feeding which he swore he had given" and that "visitors did in fact carry on intelligible conversations with the decedent." This evidence, had it been received, would not have changed our view and the error complained of is too insignificant to require reversal. The other objections of the proponent relate only to the weight of the evidence and require no comment. Order affirmed, with costs to respondents filing briefs, payable from the estate. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.